IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAFAEL ANGEL VALDES,

     Petitioner,

v.                                          No. 2:26-cv-01066-KG-KK

TODD LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Rafael Valdes' pro se Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 7. For the reasons below, the Court denies the petition.

## I.    *Background*

Petitioner is a citizen of Cuba who was paroled into the United States in 2010. Doc. 6 at 1. He applied for and received lawful permanent resident status from the United States in 2012. *Id.* Between 2015 and 2025, Petitioner was convicted nine separate times of state criminal charges, primarily for possession of meth but also for burglary and larceny. *Id.*; *see* Doc. 6-1 at 2–3. On June 18, 2025, Immigration and Customs Enforcement ("ICE") took custody of Petitioner and transferred him to the Otero County Processing Center in New Mexico. Doc. 6 at 2.

Petitioner commenced this action on April 7, 2026, challenging his immigration detention by arguing that he "has not received any bond hearing or individualized custody determination." Doc. 1 at 2. He seeks "immediate release from detention under appropriate conditions or alternative." *Id.* at 7.

The Government argues that the Court should deny the petition because Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) as a result of his controlled substances convictions.

1

## II.     Analysis

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes of  noncitizens.  *See Jennings v. Rodriguez*, 583 U.S. 281 (2018).  Relevant here, § 1226(c)(1)(B) authorizes the mandatory detention pending entry of a final removal order of any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (B), (C), or (D) of this title."  Section 1227(a)(2)(B) includes any noncitizen "who at any time after admission has been convicted of a violation of...any law or regulation of a State...relating to a controlled substance."  Meth is considered a controlled substance. *See* 21 U.S.C. § 802(6); 21 U.S.C. § 812.

The Court denies the petition, Doc. 1.  Petitioner was admitted to the United States in 2010. Doc. 6 at 1.  Since that time, he has been convicted of multiple felony controlled-substance offenses, most recently for meth.  Doc. 6-1 at 3.  That brings him squarely within the group of noncitizens the statute applies mandatory detention to.  *See* § 1227(a)(2)(B).

## III.     Conclusion

For the reasons above, the Court denies the Petition, Doc. 1.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

2